UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ARMANDO DE MACEDO MENDES,<br>    Petitioner,<br><br>v.<br><br>PATRICIA HYDE; MICHAEL KROL;<br>TODD LYONS; KRISTI NOEM;<br>MICHAEL NESSINGER; and<br>PAMELA BONDI,<br>    Respondents. | C.A. No. 25-cv-627-JJM-AEM |

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

Armando De Macedo Mendes brings this habeas petition under 28 U.S.C. § 2241, seeking his immediate release from the custody of Immigration and Customs Enforcement ("ICE") or, in the alternative, a prompt bond hearing before an Immigration Judge ("IJ"). ECF No. 1. The Government objects to Mr. Mendes's request for relief. ECF No. 6.

Like countless others, Mr. Mendes is a noncitizen who is being improperly detained under the mandatory detention statute, 8 U.S.C. § 1225(b)(2). However, as explained below, that statute does not apply to him, and the overwhelming majority of courts across the country have reached the same conclusion in factually similar cases. *See, e.g., Romero v. Hyde*, No. 25-11631-BEM, --- F. Supp. 3d ----, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (collecting cases). To put it into perspective, "[a]t least 225 judges have ruled in more than 700 cases" that this particular

mandatory detention practice is illegal.[1] And that number continues to grow each day. *See, e.g., Serrato v. Anderson*, 4:25-cv-00603-BLW, 2025 WL 3229001, at *1 (D. Idaho Nov. 19, 2025).

For the reasons stated, the Court GRANTS Mr. Mendes's habeas petition and ORDERS his immediate release.

I.   FACTUAL BACKGROUND

Mr. Mendes is a citizen of Brazil. ECF No. 1 at 1. In September 2023, he entered the United States without inspection. *Id.* He has a pending Form I-589, Application for Asylum and Withholding of Removal, and he has received a work permit in connection with his asylum claim. *Id.*

On November 13, 2025, Mr. Mendes appeared for a check-in appointment with DHS officials in Burlington, Massachusetts. *Id.* It was at this time that ICE officials arrested and detained Mr. Mendes. *Id.* ICE later transferred him to the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island. *Id.* ICE has also issued Mr. Mendes a Notice to Appear and have placed him in removal proceedings. *Id.* He is charged with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(I) and 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. 6 at 3.

On November 25, 2025, Mr. Mendes moved through counsel for a bond hearing before an IJ. ECF No. 1 at 2. However, the Government asserts that he is statutorily

---

[1] Kyle Cheney, *More Than 220 Judges Have Now Rejected the Trump Admin's Mass Detention Policy*, Politico (Nov. 28, 2025, 7:00 AM EST), https://www.politico.com/news/2025/11/28/trump-detention-deportation-policy-00669861.

ineligible for such a hearing because he is detained under 8 U.S.C. § 1225(b)(2). ECF No. 6 at 2, 5.

Mr. Mendes filed the present petition on the same day he moved for a bond hearing. ECF No. 1. He seeks immediate release from custody or, in the alternative, an order that the Government provide him with a bond hearing in accordance with 8 U.S.C. § 1226(a). *Id.*; ECF No. 7 at 4. The Government objects and claims that his petition should be denied, and that Mr. Mendes should be required to exhaust his administrative remedies. ECF No. 6 at 4.

On November 26, 2025, Mr. Mendes filed through counsel a supplemental notice, informing the Court of a recent class action certification by the U.S. District Court for the Central District of California. *See* ECF Nos. 4, 5 (citing *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025)). He asserts that he is a member of the class and is entitled to the relief ordered by the California district court. ECF No. 4 at 1.

## II.  DISCUSSION

This case concerns the proper provision of the Immigration and Nationality Act ("INA") under which Mr. Mendes is being held. He contends that he is being held under 8 U.S.C. § 1226(a), the discretionary detention statute that entitles noncitizens to a bond hearing before an IJ. ECF No. 1 at 2-4. The Government counters that Mr. Mendes is being held under 8 U.S.C. § 1225(b)(2), which subjects noncitizens to mandatory detention and does not provide them with the right to a bond hearing. ECF No. 6 at 2, 5. The former applies to noncitizens "already in the country pending

3

the outcome of removal proceedings," *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018), whereas the latter applies to "applicants for admission" who are generally encountered "at the Nation's borders and ports of entry," *id.* at 287.[2]

The Government acknowledges that this Court, along with several others, have in recent weeks issued rulings finding that Section 1226(a) applies to individuals in Mr. Mendes's position—not Section 1225(b)(2). ECF No. 6 at 2 (citing *Rodriguez v. Nessinger*, No. 25-cv-505-MSM-AEM, 2025 U.S. Dist. LEXIS 204998 (D.R.I. Oct. 17, 2025); *Doe v. Moniz*, No. 1:25-cv-12094-IT, 2025 WL 2576819 (D. Mass. Sept. 5, 2025); *Elias Escobar v. Hyde*, No. 1:25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); *Romero v. Hyde*, 2025 WL 2403827). The Government states that, "in the interest of judicial economy, and to expedite the Court's consideration of this matter," it will rely on the same legal arguments presented in the *Doe* and *Escobar* cases. *Id.* The Government further concedes that "the common question of law between this case" and the above-cited cases "would control the result in this case should this Court adhere to the legal reasoning in those prior decisions." *Id.*

The Court finds the reasoning in the above-cited cases do warrant the same conclusion here: because Mr. Mendes is "already in the country pending the outcome of removal proceedings," he is being detained under Section 1226(a)—not Section 1225(b)(2). In addition, as this Court has previously explained, exhaustion is not

---

[2] The Government argues that *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), found otherwise. ECF No. 6 at 5. However, this Board of Immigration Appeals decision "is not binding and this court 'must exercise independent judgment in determining the meaning of statutory provisions.'" *Elias Escobar*, 2025 WL 2823324, at *3 (quoting *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024)).

4

required here because: (1) Mr. Mendes faces severe irreparable harm if his detention continues without clear reason; and (2) the Immigration Court and the BIA are unable to adjudicate the constitutionality of his detention.[3] *See, e.g., Tomas Elias v. Hyde*, No. 25-cv-540-JJM-AEM, 2025 WL 3004437, at *3 (D.R.I. Oct. 27, 2025); *Astudillo v. Hyde*, No. 25-551-JJM-AEM, 2025 WL 3035083, at *3 (D.R.I. Oct. 30, 2025).

As such, the Court finds that Mr. Mendes is constitutionally entitled to a bond hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). Because the Government has put forth no evidence to suggest that Mr. Mendes poses a flight risk or is a danger to the community, the Court finds that his immediate release is appropriate. *See Tomas Elias*, 2025 WL 3004437, at *5; *see also Tejada Polanco v. Hyde*, Nos. 25-cv-552-JJM-AEM, 25-cv-561-JJM-AEM, 2025 WL 3033926, at *2 (D.R.I. Oct. 30, 2025); *Herrera Martinez v. Hyde*, No. 25-cv-575-JJM-AEM, 2025 WL 3124025, at *2 (D.R.I. Nov. 7, 2025); *Barrera Rodriguez v. Hyde*, No. 25-cv-607-JJM-PAS, 2025 WL 3274606, at *2 (D.R.I. Nov. 25, 2025).

The Court will say one last thing regarding Mr. Mendes's supplemental notice. *See* ECF No. 4. Judge Sunshine S. Sykes of the U.S. District Court for the Central District of California recently certified a class consisting of:

---

[3] As this Court stated previously, it is remarkable that the Government continues to argue "on the one hand, that [the petitioner] should be required to exhaust his administrative remedies before an IJ, who will make a custody redetermination in his case, while simultaneously arguing that he is statutorily ineligible for such a hearing." *Tomas Elias*, 2025 WL 3004437, at *3. "These two positions are plainly at odds with one another." *Id.*

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Bautista*, 2025 WL 3288403, at *9. The court also "extend[ed] the same declaratory relief granted" in its recent order on summary judgment to all members of the class. *Id.* This relief is a declaratory judgment holding that class members are detained under Section 1226(a) rather than Section 1225(b)(2). *See Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, --- F.Supp.3d ----, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025). In addition to granting Mr. Mendes's habeas petition, the Court finds that Mr. Mendes is a member of this class and is entitled to the same relief ordered by Judge Sykes.

### III.   CONCLUSION

Accordingly, the Court GRANTS Mr. Mendes's habeas petition. ECF No. 1. Because he has already requested a bond hearing before an IJ, the Government is ORDERED to provide Armando De Macedo Mendes with such a hearing in accordance with 8 U.S.C. § 1226(a) within ten days of the date of this order. The Court further ORDERS the Government to **release Armando De Macedo Mendes immediately** pending the bond hearing. The Government shall set minimal release conditions that will reasonably assure his appearance at the bond hearing. Finally, the Court ORDERS the Government to file a status report within five days of Mr. Mendes's bond hearing, stating whether he has been granted bond and, if his request for bond was denied, the reason for that denial.

6

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

December 5, 2025